David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   +1.415.626.3939
Facsimile:   +1.415.875.5700

*Counsel for Defendants R. J. Reynolds Vapor Company
and Reynolds American Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WHATCOM COUNTY,<br><br>              Plaintiff,<br><br>       v.<br><br>JUUL LABS, INC. F/K/A PAX LABS, INC.;<br>PAX LABS, INC.; EONSMOKE LLC;<br>ALTRIA GROUP, INC.; ALTRIA CLIENT<br>SERVICES INC.; ALTRIA GROUP<br>DISTRIBUTION COMPANY; NU MARK<br>LLC; NU MARK INNOVATIONS, LTD.;<br>LOEC, INC.; LORILLARD, LLC;<br>IMPERIAL BRANDS P.L.C.; FONTEM<br>VENTURES B.V.; FONTEM U.S., INC.;<br>R. J. REYNOLDS VAPOR COMPANY;<br>REYNOLDS AMERICAN INC.; AND<br>BRITISH AMERICAN P.L.C.,<br><br>              Defendants. | Case No. 19-cv-8191-WHO<br><br>**DEFENDANTS R. J. REYNOLDS VAPOR COMPANY AND REYNOLDS AMERICAN INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Date: February 26, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. William Orrick, III<br>Courtroom: 2 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on February 26, 2020, at 2:00 p.m., or as soon thereafter as counsel may be heard, counsel will appear for a hearing in Courtroom 2 of this Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable William Orrick, III.

Defendants R. J. Reynolds Vapor Company ("RJRV") and Reynolds American Inc. ("RAI") move for an order dismissing Plaintiff's Complaint as to RJRV and RAI for lack of personal jurisdiction, improper venue, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(6).

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Steven F. Gentry in support thereof, any reply memorandum RJRV and RAI may file, any arguments of counsel, and any other matter that the Court deems appropriate.

Because Plaintiff has not followed proper procedures for making RJRV and RAI parties to *In re JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 3:19-md-02913 ("JUUL MDL"), and to preserve their objection to the coordination or consolidation of the claims against them in the JUUL MDL proceedings, RJRV and RAI are filing this motion only in the individual case to which the motion pertains.

Dated:  January 21, 2020

Respectfully submitted,

Jones Day

By: *s/ David C. Kiernan*
        David C. Kiernan

*Counsel for Defendants R. J. Reynolds Vapor Company and Reynolds American Inc.*

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................................... i

RELIEF REQUESTED ........................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ....................................................................... 1

INTRODUCTION .................................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 2

LEGAL STANDARD .............................................................................................................. 4

ARGUMENT ........................................................................................................................... 6

    I.    THE COURT LACKS PERSONAL JURISDICTION OVER RJRV AND RAI. .............. 6

          A. The Court Does Not Have Personal Jurisdiction Over Nonresident Defendants RJRV and RAI When the Complaint Alleges Their Relevant Conduct Occurred in a Different State. ....................................................................................................................... 6

          B. The Court Did Not Gain Personal Jurisdiction Over RJRV and RAI Through a Transferor Court or by Stipulation. ........................................................................... 7

    II.   THE NORTHERN DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE. ........... 10

    III.  THE COURT SHOULD DISMISS, RATHER THAN TRANSFER, WHATCOM COUNTY'S CLAIMS AGAINST RJRV AND RAI FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE. ................................................................. 11

    IV.  THE COMPLAINT FAILS TO STATE A PUBLIC-NUISANCE CLAIM. ................... 13

    V.   THE PUNITIVE-DAMAGES CLAIMS AGAINST RJRV AND RAI ALSO FAIL. ...... 14

CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

Page

**CASES**

*Allen v. Conagra Foods, Inc.*,
No. 3:13-CV-01279, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) (Orrick, J.) ....................11

*Amochaev v. Citigroup Global Mkts. Inc.*,
No. 4:05-cv-1298, 2007 WL 484778 (N.D. Cal. Feb. 12, 2007) ............................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................5, 14

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*,
571 U.S. 49 (2013) ..........................................................................................................5, 11

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) ...........................................................................................5, 7

*Barr v. Interbay Citizens Bank of Tampa, Fla.*,
635 P.2d 441 (Wash. 1981) ...................................................................................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................................5

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017) .........................................................................................................4, 6

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) .................................................................................................4

*Bristol-Myers Squibb Co. v. Superior Court*,
137 S. Ct. 1773 (2017) .........................................................................................................5, 7

*Broughton Lumber Co. v. BNSF Ry. Co.*,
278 P.3d 173 (Wash. 2012) ....................................................................................................15

*City of Everett v. Purdue Pharma L.P.*,
No. 2:17-CV-209-RSM, 2017 WL 4236062 (W.D. Wash. Sept. 25, 2017) ...........................14

*City of Moses Lake v. United States*,
430 F. Supp. 2d 1164 (E.D. Wash. 2006) ..............................................................................13

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011)........................................................................................7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).................................................................................................4, 6

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001)........................................................................................7

*Dole Food Co., Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002)......................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ....................................................................................................4

*Grundy v. Thurston Cty.*,
    117 P.3d 1089 (Wash. 2005)......................................................................................13

*In re Bausch & Lomb, Inc. Contact Lens Solution Prods. Liab. Lit.*,
    No. 2:06-cv-02610-DCN (D.S.C. Dec, 18, 2006).......................................................9

*In re Bausch & Lomb Inc.*,
    No. 2:06-MN-77777-DCN, 2007 WL 3046682 (D.S.C. Oct. 11, 2007) ......................8

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
    No. 4:10-cv-00171, 2011 WL 1232352 (S.D. Tex. Mar. 31, 2011) ............................9

*In re Nat'l Hockey League Players' Concussion Injury Litig.*,
    No. 15-cv-00472, 2019 WL 5079980 (D. Minn. Oct. 10, 2019) .................................9

*In re Takata Airbag Prods. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) .......................................................................9

*In re Vioxx Prods. Liab. Litig.*,
    478 F. Supp. 2d 897 (E.D. La. 2007) ..........................................................................9

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*,
    No. 3:09-md-02100, 2011 WL 1375011 (S.D. Ill. Apr. 12, 2011) .............................8

*King v. Russell*,
    963 F.2d 1301 (9th Cir. 1992) (per curiam)...............................................................12

*Kitsap Cty. v. Kitsap Rifle & Revolver Club*,
    337 P.3d 328 (Wash. Ct. App. 2014) .........................................................................13

*Laflower v. Altria Grp.*,
   No. 3:10-cv-227, Dkt. No. 65 (M.D. Fla. Mar. 25, 2014)........................................................7

*Manchester v. Ceco Concrete Constr., LLC*,
   No. 2:13-cv-832, 2014 WL 556040 (W.D. Wash. Feb. 12, 2014).....................................3, 14

*Miotke v. City of Spokane*,
   678 P.2d 803 (Wash. 1984)................................................................................................13, 15

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)......................................................................................................5

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979)....................................................................................................10

*Reynolds Am., Inc. v. Gero*,
   56 So. 3d 117 (Fla. Dist. Ct. App. 2011) .................................................................................7

*Rhode Island v. Lead Indus. Ass'n, Inc.*,
   951 A.2d 428 (R.I. 2008) .........................................................................................................14

*Seal v. Naches-Selah Irrigation Dist.*,
   751 P.2d 873 (Wash. Ct. App. 1988) ......................................................................................13

*Simmons v. Safeway, Inc.*,
   388 F. Supp. 3d 1305 (W.D. Wash. 2019) ..............................................................................15

*Stanbury Elec. Eng'g, LLC v. Energy Prods., Inc.*,
   No. 2:16-cv-00362, 2016 WL 3255003 (W.D. Wash. June 13, 2016) .....................................12

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
   538 U.S. 408 (2003) .................................................................................................................14

*Taft v. Nabisco*,
   No. 2:15-cv-02685, 2015 WL 12819144 (C.D. Cal. June 4, 2015), *aff'd*, 675 F.
   App'x 796 (9th Cir. 2017)..........................................................................................................7

*Texas v. Am. Tobacco Co.*,
   14 F. Supp. 2d 956 (E.D. Tex. 1997) ......................................................................................14

*Tioga Pub. Sch. Dist. v. U.S. Gypsum Co.*,
   984 F.2d 915 (8th Cir. 1993)....................................................................................................14

*Walden v. Fiore*,
   571 U.S. 277 (2014) ...................................................................................................................7

STATUTES

28 U.S.C. § 1331 ..........................................................................................................3

28 U.S.C. § 1367 ..........................................................................................................3

28 U.S.C. § 1391 ................................................................................................. passim

28 U.S.C. § 1404 ....................................................................................................11, 12

28 U.S.C. § 1406 ......................................................................................................5, 12

28 U.S.C. § 1407 ................................................................................................. passim

28 U.S.C. § 1631 ........................................................................................................11

Cal. Civ. Proc. Code § 410.10 ......................................................................................4

Fed. R. Civ. P. 4 ..........................................................................................................4

Fed. R. Civ. P. 12 ............................................................................................... passim

J.P.M.L. R. 1.1(h) ........................................................................................................8

J.P.M.L. R. 7.1(c) ........................................................................................................8

J.P.M.L. R. 7.2(a) ........................................................................................................8

Wash. Rev. Code § 7.48.200 ......................................................................................15

Washington Code § 7.48.010 ......................................................................................13

OTHER AUTHORITIES

Arthur R. Miller, 15 Fed. Prac. & Proc. Juris. § 3844 (4th ed. 2019) ............................11

Andrew D. Bradt & D. Theodore Rave, *Aggregation on Defendants' Terms:*
    *Bristol-Myers Squibb and the Federalization of Mass-Tort Litigation*, 59 B.C.
    L. Rev. 1251 (2018) ................................................................................................9

Andrew D. Bradt, *The Shortest Distance: Direct Filing and Choice of Law in*
    *Multidistrict Litigation*, 88 Notre Dame L. Rev. 759 (2012) ....................................10

Eldon E. Fallon et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev.
    2323 (2008) ..........................................................................................................10

RJRV AND RAI'S MOT. TO DISMISS
CASE NO. 19-cv-8191

Martin H. Redish & Julie M. Karaba, *One Size Doesn't Fit All: Multidistrict Litigation, Due Process, and the Dangers of Procedural Collectivism*, 95 B.U. L. Rev. 109, 121–22 (2015) ........................................................................................9

Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 Mich. L. Rev. 1463 (2019)....................................................................................................9

RJRV AND RAI'S MOT. TO DISMISS
CASE NO. 19-cv-8191

**RELIEF REQUESTED**

Dismissal of Whatcom County's complaint against Defendants RJRV and RAI with prejudice.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court lacks personal jurisdiction over Defendants RJRV and RAI when: (a) they are residents of North Carolina and the claims against them do not relate to in-forum activity; and (b) the Court did not gain personal jurisdiction over them through a transferor court or their consent.

2.      Whether the Northern District of California is an improper venue when Plaintiff Whatcom County does not allege it is the proper venue and this case does not fall into any of 28 U.S.C. § 1391(b)'s categories.

3.      Whether Whatcom County's sole claim against RJRV and RAI for nuisance fails to state a claim because the County has not alleged that RJRV or RAI interfered with its real property.

4.      Whether Whatcom County may seek punitive damages for public nuisance when Washington's public nuisance statute does not authorize them.

**INTRODUCTION**

Whatcom County, a county in northwestern Washington, sued sixteen entities (including a variety of holding companies and e-cigarette and vaping companies) in the Northern District of California, alleging these entities marketed e-cigarette and vapor products to youth in Whatcom County and caused a public nuisance in Whatcom County in violation of Washington law.  As concerns RJRV and RAI, the complaint has fatal flaws that necessitate dismissal under Federal Rule of Civil Procedure 12(b)(2), (3), and (6).

***First***, the complaint against RJRV and RAI should be dismissed for lack of personal jurisdiction.  This Court lacks general jurisdiction over RJRV and RAI because neither is "at home" in California.  Likewise, this Court lacks specific jurisdiction over RJRV and RAI, because Whatcom County's nuisance claim does not "arise from" or "relate" to any activities in California.  In fact, Whatcom County effectively admits this Court's lack of jurisdiction in the complaint, alleging only that jurisdiction exists in the Western District of Washington.

Apparently, Whatcom County assumes that an exception to the usual rules of jurisdiction applies. But none does. The Court cannot obtain personal jurisdiction through transfer under 28 U.S.C. § 1407 because this action was filed directly in this district. And RJRV and RAI have not consented to the Court's exercise of personal jurisdiction in this direct-filed action.

*Second*, the complaint against RJRV and RAI should be dismissed for improper venue. Even taking all of the complaint's allegations as true, Whatcom County fails to establish that venue is proper in the Northern District of California under 28 U.S.C. § 1391(b).

*Third*, the complaint against RJRV and RAI should be dismissed for failure to state a claim. To maintain its claim against RJRV and RAI for public nuisance under Washington law, Whatcom County must plausibly allege a substantial interference with real property. The allegations in the complaint, however, fail to establish *any* interference with Whatcom County's real property.

*Fourth,* Whatcom County's request for punitive damages falls with its nuisance claim. It also is defective because punitive damages are available under Washington law only when authorized by statute, and the nuisance statute does not contemplate such an award.

For these reasons, and as more fully explained below, the Court should grant RJRV and RAI's motion to dismiss.

## FACTUAL BACKGROUND

On December 17, 2019, Whatcom County filed this action against JUUL Labs, Inc., PAX Labs, Inc., Eonsmoke LLC, Altria Group, Inc., Altria Client Services Inc., Altria Group Distribution Company, Nu Mark LLC, Nu Mark Innovations, Ltd., LOEC, Inc., Lorillard, LLC, Imperial Brands P.L.C., Fontem Ventures B.V., Fontem U.S., Inc., R. J. Reynolds Vapor Company ("RJRV"), Reynolds American Inc. ("RAI"), and British American p.l.c. Whatcom County alleges that JUUL Labs, Inc.—and, to a lesser extent, the other defendants—engaged in "youth-oriented marketing" of e-cigarettes and vaping products and caused a "youth vaping epidemic." Compl. ¶¶ 6, 8, 11. Based on these allegations, Whatcom County asserts nuisance claims, *id.* ¶¶ 258–81, Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, *id.* ¶¶ 282–326, fraudulent

1    transfer claims, *id.* ¶¶ 327–46, and unjust enrichment claims, *id.* ¶¶ 347–56.[1]

2           Against RJRV and RAI, Whatcom County alleges only violations of Washington's public-

3    nuisance law.  The complaint alleges the Court has subject matter jurisdiction over the public-

4    nuisance claims based on diversity of citizenship under 28 U.S.C. § 1331 and this Court's authority

5    to exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.  *Id.* ¶ 12.  To

6    support this assertion, Whatcom County alleges that it is a county in the state of Washington,

7    *id.* ¶ 15, RJRV is a North Carolina corporation with its principal place of business in North

8    Carolina, *id.* ¶ 27, and RAI is a North Carolina corporation with its principal place of business in

9    North Carolina, *id.* ¶ 28.

10          Whatcom County alleges the Court has personal jurisdiction over RJRV and RAI because

11   "they do business in the Western District of Washington and have sufficient minimum contacts

12   with this District" and "intentionally avail themselves of the markets in this State."  *Id.* ¶ 13.

13   Regarding venue, Whatcom County alleges "[v]enue is proper in the Western District of

14   Washington pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or

15   omissions giving rise to the claims at issue in this Complaint arose in this District and Defendants

16   are subject to the Court's personal jurisdiction with respect to this action."  *Id.* ¶ 14.

17          However, Whatcom County did not file this action in the Western District of Washington.

18   Instead, it directly filed this action in the Northern District of California, and listed *In re JUUL*

19   *Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 3:19-md-02913

20   ("*JUUL MDL*"), as a related matter in the civil cover sheet.  The *JUUL MDL* has consolidated

21   nearly 300 cases to date against JUUL Labs, Inc. for discovery into "the development, manufacture,

22   labeling, and marketing of JUUL products, and the alleged risks posed by use of those products."

23   *In re JUUL Labs, Inc., Marketing, Sales Practices, and Prods. Liab. Litig.*, MDL No. 2913, Doc.

24   No. 144 (transfer order).  This "JUUL-related litigation" involves cases alleging that a "JUUL user

25   used a JUUL product and suffered an injury."  *JUUL MDL*, Doc. Nos. 352 at 13 and 262 at 2–3.

26   RJRV and RAI have no affiliation with JUUL and have not been parties in the *JUUL MDL*.

27          [1] The complaint also asserts a "claim" for punitive damages. Compl. ¶¶ 357–59.  "However,
     an award of punitive damages is a remedy, not a separate cause of action."  *Manchester v. Ceco*
28   *Concrete Constr., LLC*, No. 2:13-cv-832, 2014 WL 556040, at *7 (W.D. Wash. Feb. 12, 2014).

1   Four days before Whatcom County filed this action against RJRV and RAI, the Court issued

2   Case Management Order No. 3 in the *JUUL MDL*. *See JUUL MDL*, Doc. No. 309. That order

3   provides that plaintiffs with claims against JUUL may file their complaints directly in the Northern

4   District of California "as a member case of the MDL," and that the Court will transfer direct-filed

5   cases to "the federal district court in which the Plaintiff would have filed his or her case in the

6   absence of direct filing" at the completion of all pretrial proceedings. *Id.* at 1–2. The order indicates

7   that the *JUUL MDL* plaintiffs and defendants have agreed to the direct-filing procedure. *Id.* at 1.

8   RJRV and RAI were not defendants when the Court issued Case Management Order No. 3 and

9   have not consented to this procedure or to being sued in this forum.

10   **LEGAL STANDARD**

11   Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an

12   action for lack of personal jurisdiction. When a defendant does so, "the plaintiff bears the burden

13   of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.

14   2008).

15   A federal court may exercise personal jurisdiction over a defendant "who is subject to the

16   jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed.

17   R. Civ. P. 4(k)(1)(A). Accordingly, for this Court to exercise personal jurisdiction over a defendant,

18   Whatcom County must show that the exercise of personal jurisdiction by a California court would

19   "comport[ ] with federal constitutional due process." *Id.*; *see also* Cal. Civ. Proc. Code § 410.10

20   ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution

21   of this state or of the United States.").

22   For there to be general jurisdiction over a defendant, the defendant must have "in-forum

23   contacts . . . [that] are so 'continuous and systematic' as to render [it] essentially at home in the

24   forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (second alteration in original)

25   (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Except in

26   "exceptional" circumstances, a corporate defendant's substantial business contacts with another

27   forum will not render it "at home" in that forum. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558

28   (2017) (quoting *Daimler*, 571 U.S. at 139 n.19).

1

2

3

4

For there to be specific jurisdiction over a defendant, three requirements must be met:

(1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

5

6

7

8

9

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).  When "all the conduct giving rise" to a nonresident plaintiff's claims against a nonresident defendant occurred outside a forum, it follows that a court in that forum lacks specific jurisdiction.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

10

11

12

13

A defendant may also seek dismissal of an action for improper venue.  *See* Fed. R. Civ. P. 12(b)(3).  Whether venue is improper "is generally governed by 28 U.S.C. § 1391."  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, 571 U.S. 49, 55 (2013).  That provision provides that a civil action may be filed in:

14

15

16

17

18

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

19

20

21

28 U.S.C. § 1391(b).  If "the case falls within one of th[ose] three categories, . . . venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."  *Atl. Marine Constr.*, 571 U.S. at 56.

22

23

24

25

26

27

28

Finally, a defendant may move to dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a court must accept as true all factual allegations contained in the complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ARGUMENT**

**I.     THE COURT LACKS PERSONAL JURISDICTION OVER RJRV AND RAI.**

As Whatcom County's complaint demonstrates, RJRV and RAI are not residents of California, and Whatcom County's claims against RJRV and RAI relate to alleged activity in Washington, not California. Accordingly, this Court has no personal jurisdiction over RJRV and RAI.

Whatcom County cannot avoid these settled jurisdictional principles by directly filing this action as a tag-along to the *JUUL MDL* pending in this district. There are rules for tag-along cases as well—rules that Whatcom County violated. Those rules provide "actions may be transferred" from another district to the MDL court; they do not authorize a plaintiff to ignore jurisdictional requirements when initially filing an action. 28 U.S.C. § 1407(a). But that is precisely what Whatcom County did. Nor can Whatcom County circumvent these rules by relying on the Court's direct-filing order because—unlike JUUL—RJRV and RAI have not agreed to that order or consented to suit in this district. The Court must therefore dismiss Whatcom County's claims against RJRV and RAI for lack of personal jurisdiction.

**A.     The Court Does Not Have Personal Jurisdiction Over Nonresident Defendants RJRV and RAI When the Complaint Alleges Their Relevant Conduct Occurred in a Different State.**

The allegations in Whatcom County's complaint demonstrate the Court lacks both general and specific personal jurisdiction over RJRV and RAI.

***First***, RJRV and RAI lack the kind of "continuous and systematic" contacts that would render them "at home" in California and give rise to this Court's general jurisdiction. *See Daimler*, 571 U.S. at 139. California is neither RJRV or RAI's place of incorporation nor their principal place of business—the two "'paradigm' forums in which a corporate defendant is 'at home.'" *BNSF*, 137 S. Ct. at 1558 (quotation omitted). To the contrary, as Whatcom County's complaint acknowledges, both RJRV and RAI are incorporated and have their principal place of business in North Carolina. Compl. ¶¶ 27–28. Nor does Whatcom County allege that RJRV and RAI have any substantial operations in California that would make this an "exceptional case" where defendants are subject to general jurisdiction outside of the paradigmatic forums. *See id.*

***Second***, the Court does not have specific jurisdiction over RJRV and RAI because Whatcom County's claims are wholly unrelated to California. Whatcom County's nuisance claim arises from RJRV and RAI's alleged marketing and sale of Vuse products ***in Washington*** and the harm allegedly caused there. *Id.* ¶¶ 239–81. Because all the conduct that allegedly gave rise to Whatcom County's claims against RJRV and RAI occurred outside of California, this Court lacks specific jurisdiction over those claims. *See Bristol-Myers*, 137 S. Ct. at 1782; *Walden v. Fiore*, 571 U.S. 277, 291 (2014); *Axiom Foods*, 874 F.3d at 1068.

***Third,*** this Court lacks personal jurisdiction over RAI for the separate and independent reason that RAI is a holding company that does not market or sell Vuse products or otherwise conduct business in either California or Washington. Decl. of Steven F. Gentry in Supp. of Mot. to Dismiss ¶¶ 6–13; *see also CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (considering affidavits in reviewing a motion to dismiss for lack of personal jurisdiction); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (permitting courts to "consider evidence presented in affidavits to assist it in its determination" of "jurisdictional issues"), *abrogated on other grounds in Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). For this reason, as courts in California and elsewhere have correctly recognized, RAI is not subject to general or specific personal jurisdiction outside of its home state of North Carolina. *See, e.g.*, *Taft v. Nabisco*, No. 2:15-cv-02685, 2015 WL 12819144, at *2 (C.D. Cal. June 4, 2015), *aff'd*, 675 F. App'x 796 (9th Cir. 2017); Order, *Laflower v. Altria Grp.*, No. 3:10-cv-227, Dkt. No. 65 (M.D. Fla. Mar. 25, 2014); *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 121 (Fla. Dist. Ct. App. 2011).

### B.   The Court Did Not Gain Personal Jurisdiction Over RJRV and RAI Through a Transferor Court or by Stipulation.

This Court's direct-file order in the *JUUL MDL* does not alter the foregoing jurisdictional analysis. An MDL court that otherwise lacks personal jurisdiction over a nonresident defendant can exercise authority over that defendant in two discrete circumstances only—when an action is properly transferred under 28 U.S.C. § 1407 or when the defendant waives its personal jurisdiction objections. Neither of those circumstances exist here.

RJRV AND RAI'S MOT. TO DISMISS
CASE NO. 19-cv-8191

**1.** To make a case filed in another district part of an existing MDL, a party to the MDL typically designates the new case as a "tag-along action," thereby enabling the Judicial Panel on Multidistrict Litigation ("JPML") to exercise its authority under § 1407 to transfer the case to the MDL court for coordinated or consolidated pretrial proceedings if appropriate.  JPML Rule 1.1(h) defines a "tag-along action" as a "[c]ivil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407."  Whatcom County fails to satisfy any element of a "tag-along action" under Rule 1.1(h).  Specifically, Whatcom County did not file this action in the Western District of Washington and seek to have the JPML transfer it to this Court, as required to be considered a tag-along action.  Had Whatcom County done so, RJRV and RAI would have had the opportunity to file a notice of opposition explaining why the claim against them does not properly belong in an MDL specifically created for JUUL.  *See* J.P.M.L. R. 7.1(c).  Having elected to bypass these procedures and file directly in this Court, Whatcom County cannot rely on § 1407 to justify the exercise of personal jurisdiction over RJRV and RAI.  Put differently, § 1407 is simply irrelevant to the personal jurisdiction analysis here.[2]

**2.** To reduce delays and promote judicial efficiency, courts sometime permit actions to be filed directly into the MDL court, thereby obviating the need for the parties to invoke § 1407's transfer process.  But a case that cannot otherwise be brought in the MDL court due to lack of personal jurisdiction or improper venue may be directly filed there only with the defendant's consent. *See, e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011) (explaining the "agreed order authorizes the direct filing of cases that originated outside of this judicial district"); *In re Bausch & Lomb Inc.*, No. 2:06-mn-77777, 2007 WL 3046682, at *3 n.1 (D.S.C. Oct. 11, 2007)

---

[2] The JPML rules note that potential tag-along actions filed in the transferee district do not require action by the Panel.  J.P.M.L. R. 7.2(a).  That is because such actions do not need to be transferred; they can simply be "assign[ed] … to the … transferee judge in accordance with applicable local rules."  *Id.*  However, the JPML rules do not (and could not) alter the ordinary principles of personal jurisdiction and venue that determine where a suit must be filed in the first instance.

("Pretrial Order No. 5 provides that [the defendant] waives any objections of improper venue and allows for direct filing of cases in the 'District of South Carolina that emanate from districts outside the District of South Carolina that would appropriately be included in this multidistrict litigation proceeding.'"); *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903–04 (E.D. La. 2007) (explaining "a plaintiff may now file any such complaint against Merck directly in the Eastern District of Louisiana, rather than in a federal district court affording proper venue" based on "Merck's stipulation and agreement").  Of course, a direct-file stipulation "by [one defendant] … does not apply to any other defendant." *In re Vioxx*, 478 F. Supp. 2d at 904; *accord In re Bausch & Lomb, Inc. Contact Lens Solution Prods. Liab. Lit.*, No. 2:06-cv-02610, Doc. No. 10, at 2 (D.S.C. Dec, 18, 2006) ("This stipulation and agreement is by Bausch & Lomb only and does not apply to any other defendant.").

It follows, as numerous cases confirm, that "when a defendant does not consent to personal jurisdiction in a directly filed suit, any alleged defects in personal jurisdiction are analyzed by examining defendant's contacts with the MDL forum"—*i.e.*, as in any other action, the forum in which the lawsuit has been filed.  *In re Nat'l Hockey League Players' Concussion Injury Litig.*, No. 15-cv-00472, 2019 WL 5079980, at *2 n.1 (D. Minn. Oct. 10, 2019); *see also In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1138, 1142 (S.D. Fla. 2019) (applying the law of the MDL court's "forum state" to resolve challenge to personal jurisdictional); *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, No. 4:10-cv-00171, 2011 WL 1232352, at *4–13 (S.D. Tex. Mar. 31, 2011) (same).

Academic commentary confirms that "plaintiffs cannot file directly in the MDL court if the MDL court would lack personal jurisdiction over the defendant under Rule 4(k), unless the defendant consents."  Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 Mich. L. Rev. 1463, 1475 (2019); *see also* Andrew D. Bradt & D. Theodore Rave, *Aggregation on Defendants' Terms: Bristol-Myers Squibb and the Federalization of Mass-Tort Litigation*, 59 B.C. L. Rev. 1251, 1298 (2018) ("[A]bsent consent by the defendant, a plaintiff may not simply file a case directly into an MDL unless the MDL district has jurisdiction."); Martin H. Redish & Julie M. Karaba, *One Size Doesn't Fit All: Multidistrict Litigation, Due Process, and the Dangers of*

1   *Procedural Collectivism*, 95 B.U. L. Rev. 109, 121–22 (2015) ("[I]f the defendants agree not to

2   object, tag-along cases can be filed directly in the transferee court, without regard to whether

3   personal jurisdiction and venue would be proper in that court absent the MDL."); Andrew D. Bradt,

4   *The Shortest Distance: Direct Filing and Choice of Law in Multidistrict Litigation*, 88 Notre Dame

5   L. Rev. 759, 797 (2012) ("Despite these efficiencies, direct filing is not automatically available

6   because defendants must agree to the practice."); Eldon E. Fallon et al., *Bellwether Trials in*

7   *Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2358 (2008) ("For cases filed directly into the MDL

8   by nonresident plaintiffs, the defendant . . . must waive its sustainable venue and venue-related

9   objections.").

10      **3.** This Court followed the usual practice in the *JUUL MDL*. After JUUL persuaded the

11   JPML to establish this MDL, this Court issued a direct-filing order with the agreement of the *JUUL*

12   *MDL* defendants. *See JUUL MDL*, No. 3:19-md-02913, Doc. No. 309, at 2 (N.D. Ca. Dec. 13,

13   2019) (indicating "Defendants' agreement" to the order). RJRV and RAI, however, were not

14   defendants in the *JUUL MDL*. They did not, and do not, consent to the direct-filing order or to this

15   Court's exercise of personal jurisdiction over them. Because RJRV and RAI have preserved their

16   objections to this Court's lack of jurisdiction, Whatcom County cannot circumvent the

17   requirements of § 1407. It must establish that this Court has personal jurisdiction over RJRV and

18   RAI, which it cannot do. *See supra* Part I.A.

19   **II.   THE NORTHERN DISTRICT OF CALIFORNIA IS AN IMPROPER VENUE.**

20      For similar reasons, Whatcom County's claims against RJRV and RAI should be dismissed

21   for improper venue under Federal Rule of Civil Procedure 12(b)(3). Whatcom County has "the

22   burden of showing that venue was properly laid in the Northern District of California." *Piedmont*

23   *Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Even taking all the

24   complaint's allegations as true, Whatcom County has "utterly failed to do so." *Id.* That is because

25   Whatcom County alleges only that "[v]enue is proper in the Western District of Washington," and

26   makes no allegation that venue is proper in this district. Compl. ¶ 14.

27      Nor could Whatcom County establish that the Northern District of California is the proper

28

venue.  This case does not fall into any of § 1391(b)'s categories: (1) all of the defendants do not reside in California, (2) a substantial part of the alleged conduct "giving rise to the claim" did not occur in this district, and (3) there is a district in which this action could be brought under § 1391(b) (*i.e.*, the Western District of Washington).  28 U.S.C. § 1391(b).  Venue is thus improper in this district.  *See Atl. Marine Constr.*, 571 U.S. at 56.

## III.   THE COURT SHOULD DISMISS, RATHER THAN TRANSFER, WHATCOM COUNTY'S CLAIMS AGAINST RJRV AND RAI FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE.

Because the Court lacks personal jurisdiction over RJRV and RAI and is the improper venue for Whatcom County's claims against them, the claims against RJRV and RAI should be dismissed, rather than transferred to some other venue.

Several federal statutes permit improperly filed cases to be transferred, but none assists Whatcom County here.  Title 28 U.S.C. § 1631 provides that, "[w]henever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action or appeal could have been brought at the time it was filed or noticed."  This statute cannot justify a transfer, however, because it does not apply when the court lacks *personal* jurisdiction.  *Allen v. Conagra Foods, Inc.*, No. 3:13-CV-01279, 2019 WL 5191009, at *3 (N.D. Cal. Oct. 15, 2019) (Orrick, J.).  Further, under § 1631, "only entire actions may be transferred."  *Id.* at *4.  The Court therefore cannot transfer a portion of Whatcom County's action—its claims against RJRV and RAI—to another district.

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  But "[t]ransfer is possible under Section 1404(a) only if the transferor court is a proper venue under the applicable venue provisions," which this Court is not.  Arthur R. Miller, 15 Fed. Prac. & Proc. Juris. § 3844 (4th ed. 2019).

Moreover, to support a transfer under § 1404, Whatcom County "must first show the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be

subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court." *Stanbury Elec. Eng'g, LLC v. Energy Prods., Inc.*, No. 2:16-cv-00362, 2016 WL 3255003, at *2 (W.D. Wash. June 13, 2016). Whatcom County cannot show that the Western District of Washington—the only alternative venue referenced in the complaint—has personal jurisdiction over RAI. As noted above, RAI is a holding company that does not market or sell Vuse products, or otherwise conduct business, in the State of Washington. *See supra* p. 7. Accordingly, this suit could not "have been brought" in the Western District of Washington, and a transfer is inappropriate. 28 U.S.C. § 1404(a).

For the same reason, a transfer would be inappropriate under 28 U.S.C. § 1406(a), which authorizes district courts to "dismiss, or if it be in the interest of justice, transfer" a case filed in the wrong venue to a district "in which it could have been brought." Moreover, "the interest of justice" does not warrant a transfer, as § 1406(a) requires. Whatcom County knew this district was the incorrect venue for its claims against RJRV and RAI; nevertheless, it decided to file the complaint in this district without RJRV and RAI's consent. That was blatant forum shopping, especially because RJRV and RAI were not parties to the *JUUL MDL* and had a right to object to the transfer of this case to this Court for coordination or consolidation with the cases against JUUL. As RJRV and RAI would have explained to the JPML, interjecting claims based on wholly different factual allegations against RJRV and RAI into the *JUUL MDL* would only delay that litigation, inconvenience the parties, and lead to inefficiencies. The approximately 300 member cases in the *JUUL MDL* focus specifically on the conduct of JUUL, not on the vapor industry at large. (Indeed, this is the only putative member case that names RJRV and RAI as defendants.) The parties in the *JUUL MDL* appear to have made substantial progress towards agreement on the conduct of pretrial proceedings; that process would need to begin anew if additional defendants are made parties to the *JUUL MDL*. Justice would not be served by transferring Whatcom County's claims to a district that it clearly sought to avoid. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (per curiam); *Amochaev v. Citigroup Global Mkts. Inc.*, No. 4:05-cv-1298, 2007 WL 484778, *1 (N.D. Cal. Feb. 12, 2007) (dismissing case because plaintiff forum shopped and because the plaintiff could "simply file an individual complaint in the proper jurisdiction and request the Judicial Panel

1   on Multidistrict Litigation to transfer the action back to this court as a tag-along").  In contrast, the

2   interests of justice would be served by dismissal of Whatcom County's claims against RJRV, RAI,

3   and any other non-consenting nonresident defendants, as that remedy would allow the claims

4   against the JUUL defendants to proceed in this Court as part of the *JUUL MDL*.

5   ## IV.   THE COMPLAINT FAILS TO STATE A PUBLIC-NUISANCE CLAIM.

6         If this Court does not dismiss for lack of personal jurisdiction or lack of venue, it should

7   dismiss the claims against RJRV and RAI under Rule 12(b)(6).  The only claims brought against

8   RJRV and RAI are for public nuisance under § 7.48.010 of the Washington Code.  Compl. ¶¶ 258–

9   81.  That statute defines nuisance to require "an obstruction to the free use of property."  Wash.

10  Rev. Code § 7.48.010.  The statute is "based on the general principle that a landowner is not

11  permitted to use land so as to interfere unreasonably with another's use and enjoyment of his land."

12  *Seal v. Naches-Selah Irrigation Dist.*, 751 P.2d 873, 876 (Wash. Ct. App. 1988).  "In order to

13  recover for nuisance, a plaintiff must show substantial interference with the use and enjoyment of

14  his land."  *City of Moses Lake v. United States*, 430 F. Supp. 2d 1164, 1184 (E.D. Wash. 2006)

15  (citation omitted); *see also Grundy v. Thurston Cty.*, 117 P.3d 1089, 1092 (Wash. 2005) ("Nuisance

16  is 'a substantial and unreasonable interference with the use and enjoyment of land.'") (citation

17  omitted).

18        Washington courts have consistently limited public-nuisance claims to those alleging that a

19  landowner's use of his land has adversely affected the surrounding neighbors' ability to enjoy their

20  own land.  *See, e.g.*, *Miotke v. City of Spokane*, 678 P.2d 803, 817 (Wash. 1984) (bypass of raw

21  sewage into river constituted a public nuisance because the bypass "denied Plaintiffs the full use

22  and enjoyment of their lakefront properties"), *abrogated on other grounds by Blue Sky Advocates

23  v. Washington*, 727 P.2d 644 (Wash. 1986); *Kitsap Cty. v. Kitsap Rifle & Revolver Club*, 337 P.3d

24  328, 339 (Wash. Ct. App. 2014) (use of land as a shooting range constituted a public nuisance

25  because "the noise generated from the Club's activities was a substantial and unreasonable

26  interference with neighbors' use and enjoyment of their properties").  A federal-district court sitting

27  in Washington therefore dismissed a public-nuisance claim for manufacturing and marketing

28

1  opioids "for failure to allege a connection to property."  *City of Everett v. Purdue Pharma L.P.*,
2  No. 2:17-CV-209-RSM, 2017 WL 4236062, at *9 (W.D. Wash. Sept. 25, 2017).

3        The claims here fail for the same reason:  Whatcom County does not allege that RJRV and
4  RAI used their land to interfere with Whatcom County's land.  The complaint contains only a
5  conclusory allegation that RJRV and RAI have interfered "with the comfortable enjoyment of life
6  and property of the entire communities of Whatcom County and Washington State at large."
7  Compl. ¶ 265.  No accompanying *factual* allegations contend that RJRV or RAI have interfered
8  with Whatcom County's real property.  This is exactly the type of "[t]hreadbare recital[] of the
9  elements of a cause of action" that the U.S. Supreme Court has held cannot save a claim from
10 dismissal.  *Iqbal*, 556 U.S. at 678.  The only relevant factual allegations in the complaint assert that
11 RJRV and RAI have interfered with Whatcom County's time and resources—not its real property.
12 *See, e.g.*, Compl. ¶ 245 (alleging that Whatcom County has "invested significant time and
13 resources" to train and educate the public on health risks of vaping and to pass an ordinance banning
14 vaping in bars and restaurants); *id.* ¶ 277.

15       Dismissing these claims would align with decisions from courts around the nation rejecting
16 attempts to extend public-nuisance claims beyond the classic context of interference with real
17 property to capture situations involving the sale of a product.  *See, e.g.*, *Texas v. Am. Tobacco Co.*,
18 14 F. Supp. 2d 956, 972–73 (E.D. Tex. 1997) (public-nuisance claim cannot encompass
19 manufacture and sale of tobacco products); *see also Tioga Pub. Sch. Dist. v. U.S. Gypsum Co.*, 984
20 F.2d 915, 920 (8th Cir. 1993) (same for plaster containing asbestos); *Rhode Island v. Lead Indus.
21 Ass'n, Inc.*, 951 A.2d 428, 453 (R.I. 2008) (same for lead paint).

22 **V.       THE PUNITIVE-DAMAGES CLAIMS AGAINST RJRV AND RAI ALSO FAIL.**

23       A claim for punitive damages is not an independent, stand-alone claim; rather punitive
24 damages depend on "the acts upon which liability was premised."  *State Farm Mut. Auto. Ins. Co.
25 v. Campbell*, 538 U.S. 408, 422 (2003); *see also Manchester v. Ceco Concrete Constr., LLC*, No.
26 2:13-cv-832, 2014 WL 556040, at *7 (W.D. Wash. Feb. 12, 2014) (punitive damages are "not a
27 separate cause of action").  So if this Court dismisses the claims against RJRV and RAI for public

28

1   nuisance, it should likewise dismiss the punitive-damages claims.  *See* Compl. ¶¶ 357–59.

2   But even if this Court denies the motion to dismiss the public-nuisance claims, the Court

3   should still dismiss the punitive-damages claims because punitive damages are not available under

4   Washington law.  In Washington, "punitive damages are not allowed unless expressly authorized

5   by the legislature."  *Barr v. Interbay Citizens Bank of Tampa, Fla.*, 635 P.2d 441, 443 (Wash.

6   1981); *see also Broughton Lumber Co. v. BNSF Ry. Co.*, 278 P.3d 173, 183 n.14 (Wash. 2012)

7   (unlike other states, "Washington prohibits the recovery of punitive damages as a violation of

8   public policy unless expressly authorized by statute").

9   Washington's public nuisance law does not authorize an award of punitive damages.  *See*

10  Wash. Rev. Code § 7.48.200.   Rather, Washington courts have instructed that *compensatory*

11  damages are the appropriate form of damages for a nuisance claim.  *See Miotke*, 678 P.2d at 817

12  (the measure of damages is either "the difference in the market value of the property before and

13  after creation of the nuisance" or "the diminished rental value if the property is to be rented, or the

14  diminished value of its use if the property is to be used by the owner") (citation omitted).

15  Accordingly, any request for punitive damages must be dismissed.  *See Simmons v. Safeway, Inc.*,

16  388 F. Supp. 3d 1305, 1319–20 (W.D. Wash. 2019).

17  ### CONCLUSION

18  For these reasons, the complaint against RJRV and RAI should be dismissed with prejudice.

19  Dated: January 21, 2020                           Respectfully submitted,

20                                                    Jones Day

21

22                                                    By: *s/ David C. Kiernan*
                                                         David C. Kiernan
23

24                                                    *Counsel for Defendants R. J. Reynolds*
                                                      *Vapor Company and Reynolds American*
25                                                    *Inc.*

26

27

28